**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jermaine MATHIS, Defendant–
Appellant.**

**No. 12–10076
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 29, 2013.

Nicole D. Mariani, Wifredo A. Ferrer, William C. Healy, Nancy L. Langston, Lisa Tobin Rubio, Anne Ruth Schultz, Barbara Jean Throne, U.S. Attorney's Office, Miami, FL, Harry C. Wallace, Jr., U.S. Attorney's Office, Fort Lauderdale, FL, for Plaintiff–Appellee.

Jermaine Mathis, Miami, FL, pro se.

Before WILSON, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Jermaine Mathis appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 750 to the Sentencing Guidelines. Mathis was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. On appeal, he concedes the limited scope of § 3582(c)(2) proceedings, but urges this Court to review the drug quantity findings at sentencing in the interest of justice.[1]

"[W]e review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. Moore,* 541 F.3d 1323, 1326 (11th Cir.2008). A district court may not reduce a defendant's term of imprisonment unless the defendant's sentence was based upon a sentencing range that the Sentencing Commission subsequently lowered, the district court considers the 18 U.S.C. § 3553(a) factors, and the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

Mathis's sentence was based on his career-offender enhancement, and Amendment 750 therefore had no effect on his sentencing range under § 4B1.1. *See Moore,* 541 F.3d at 1327 (holding that when a defendant is sentenced as a career offender, the sentence is "based on" the guideline ranges applicable to career offenders under § 4B1.1, not the levels set forth in § 2D1.1). Moreover, the district

---

1. Mathis requests that, in the alternative to granting a sentence reduction, this Court reopen his prior 28 U.S.C. § 2255 motion to vacate, which was denied in 2007. Mathis may not use his § 3582(c)(2) motion to reopen his § 2255 motion to vacate. *See* 28 U.S.C. § 2255(h).

court was not permitted to change any of the original sentencing calculations in the § 3582(c)(2) proceedings except those affected by a retroactive guideline amendment. *See United States v. Bravo*, 203 F.3d 778, 781 (11th Cir.2000). Therefore, Mathis is ineligible for relief under § 3582(c)(2), and the district court did not err in denying his motion.

**AFFIRMED.**